IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:23-CV-103-FL

| | |
|---|---|
| VENUS D. ADDISON-POTTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ECU HEALTH MEDICAL CENTER, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 5). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The magistrate judge recommends dismissal of plaintiff's claims as time barred. A claimant must "file[] [an] action within ninety days of receiving the notice of right to sue, as required by 42 U.S.C. § 2000e–5(f)(1)." Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653 (4th Cir. 1987). Absent an allegation that "reasonable grounds exist for an equitable tolling of the filing period," a complaint filed ninety-one days after the alleged date of receipt of a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC") must be dismissed as time barred. Id. at 654. Here, plaintiff alleges she received her EEOC notice on March 22, 2023; she dated and filed her complaint June 21, 2023; and plaintiff alleges no grounds for equitable tolling. (See Compl. (DE 1) at 4-5). Accordingly, plaintiff's complaint, filed ninety-one days after receipt of EEOC notice, is time barred.

In her objection, plaintiff urges consideration of her claim despite the time bar. However, based on the allegations in the complaint and the authorities cited herein and in the M&R, dismissal on the basis of time bar is required. "The ninety day notice period itself is clear evidence that Congress intended to require claimants to act expeditiously, without unnecessary delay." Id. Accordingly, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's action is DISMISSED as time barred. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 11th day of August, 2023.

                                                  LOUISE W. FLANAGAN
                                                  United States District Judge